IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOYD FRANK LAWING, JR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 3:11cv103-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed by federal inmate Loyd Frank Lawing, Jr. ("Lawing").

**I.   BACKGROUND**

On August 6, 2007, pursuant to a plea agreement, Lawing pled guilty to wire fraud in violation of 18 U.S.C. § 1343, personal income tax evasion in violation of 26 U.S.C. § 7201, and fraudulent conversion of property of the Small Business Administration in violation of 15 U.S.C. § 645(c). After a sentencing hearing on February 1, 2008, the district court sentenced Lawing to 63 months in prison for each count of conviction, the terms to run concurrently. Lawing was also ordered to be placed on supervised release for three years and to pay restitution in the amount of $1,356,101.88. The district court entered its judgment on February 4, 2008. Lawing did not take a direct appeal.[1]

---

[1] The plea agreement contained an appeal/collateral-attack waiver with exceptions for claims
(continued...)

In his § 2255 motion, filed on February 6, 2011, Lawing contends that his conviction for wire fraud in violation of 18 U.S.C. § 1343 is void in light of the Supreme Court's decision in *Skilling v. United States*, ___ U.S. ___, 130 S.Ct. 2896 (2010), where the Supreme Court narrowed the construction of 18 U.S.C. § 1346. The Government, however, argues that Lawing's wire fraud conviction does not fall within the ambit of the holding in *Skilling* and that, consequently, his § 2255 motion is time-barred as having been filed after expiration of the one-year limitation period applicable to such motions.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs all federal habeas petitions filed after April 24, 1996. AEDPA amended 28 U.S.C. § 2255 by establishing a one-year limitation period for federal prisoners to file § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255(f) states:

> A 1-year limitation period of limitations shall apply to a motion under this section.  The limitations period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the

---

[1](...continued)
of prosecutorial misconduct and ineffective assistance of counsel.

> Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

As noted, Lawing did not take a direct appeal. Therefore, according to § 2255(f)(1), his conviction became final (and the one-year federal limitation period began to run) on February 14, 2008 – 10 days after the district court's February 4, 2008, entry of judgment.[2] Accordingly, the limitation period in § 2255(f)(1) expired on February 16, 2009 (the first business day after February 14, 2009), almost two years before Lawing filed his § 2255 motion on February 6, 2011.

To avoid this result, Lawing argues that his wire fraud conviction falls within the ambit of the Supreme Court's decision in *Skilling*, where the Supreme Court narrowed the scope of the honest services fraud crimes codified at 18 U.S.C. § 1346. As a result, according to Lawing, § 2255(f)(3) dictates that the limitation period for his § 2255 challenge does not expire until June 24, 2011, a year after *Skilling* was decided, thus rendering his

---

[2] When the district court's judgment was entered in Lawing's case, Fed. R. App. P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within **14** days after entry of the district court's judgment.

motion timely filed.[3]

In *Skilling*, the Supreme Court held that the honest services fraud statute, 18 U.S.C. § 1346, was unconstitutionally vague as it applied to honest services mail or wire fraud other than honest services mail or wire fraud involving bribery and kickbacks. 130 S.Ct. at 2928-34. Specifically, the Court found that those honest services frauds defined as schemes or artifices to defraud the victim of intangible rights to honest services based on such things as a conflict of interest or fair dealing were too vague to meet constitutional requirements for the definition of a criminal offense.[4] *Id*. at 2927-31. Following *Skilling*, a defendant may be convicted of wire fraud for devising a scheme to defraud another of either money or property (money or property wire fraud) or the right to honest services (honest services wire fraud); however, the latter theory is limited to schemes to defraud involving bribes or kickbacks. *See id*. at 2934 (recognizing the validity of alternative wire fraud theories).

Lawing was not charged with, or convicted of, honest services wire fraud. Instead, he was charged with and convicted of money and/or property wire fraud, based on his embezzlement of funds from the sale of real property that belonged to the college fraternity

---

[3] Although Lawing does not argue that his remaining convictions fall within the scope of *Skilling*, he maintains that they should be vacated like his wire fraud conviction, because under a "prejudicial spillover analysis[,] . . . the other charges were tainted by the honest services fraud theory" he says underlay the wire fraud count. Doc. No. 2 at 4.

[4] The wire fraud statute "criminalizes the use of the . . . wires in furtherance of 'any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.'" *Skilling*, 130 S.Ct. at 2908 n.1 (quoting 18 U.S.C. § 1343). The honest services statute specifies that, for purposes of the wire fraud statute, "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

for whom he served as treasurer.[5] He was not convicted of defrauding his victims of intangible rights to his honest services; rather, he was convicted of embezzling their money and/or property, where "the victim's loss of money or property supplied the defendant's gain, with one the mirror image of the other." *Skilling*, 130 S.Ct. at 2926 (explaining the nature of the victim's loss in traditional money or property fraud). Thus, Lawing's wire fraud conviction is not governed by *Skilling*.[6] Consequently, § 2255(f)'s one-year limitation period began running not when the Supreme Court decided *Skilling* but instead when Lawing's judgment of conviction became final, i.e., February 14, 2008 (10 days after the district court's entry of judgment). Under § 2255(f)(1), the last day on which Lawing could have brought a § 2255 challenge was therefore February 16, 2009 (the first business day after February 14, 2009), well before the instant motion was filed.

No other starting date described in § 2255(f) is applicable to Lawing's motion. Specifically, there is no indication – or allegation – of any impediment to earlier filing created by unlawful governmental action, *see* § 2255(f)(2), and there is nothing to suggest

---

[5] The indictment charged Lawing with the commission of wire fraud in violation of 18 U.S.C. § 1343 and specified that such wire fraud was for the purposes of "obtaining money and property." The indictment did not mention 18 U.S.C. § 1346 or contain any allegations that the behavior punishable under § 1343 included a scheme or artifice "to deprive another of the intangible right of honest services." *See* Indictment, Gov. Ex. A, at 1-6; *see also* Change of Plea Hearing, Gov. Ex. E, at 13-15; Plea Agreement, Gov. Ex. D, at 5-7.

[6] Nor, obviously, are Lawing's convictions for income tax evasion and fraudulent conversion of property of the Small Business Administration – neither of which was based on alleged honest services fraud – governed by *Skilling*. Further, even if Lawing's "prejudicial spillover" theory (*see* Doc. No. 2 at 4) were to be accepted by this court, nothing prejudicial could "spill over" from his wire fraud conviction to taint his remaining convictions, because his wire fraud conviction was not based on an honest services fraud theory and was outside the scope of *Skilling*.

that Lawing was previously unable to discover the facts supporting his claim through the exercise of due diligence, *see* § 2255(f)(4).[7]  Nor does Lawing raise a tolling argument establishing that extraordinary circumstances and due diligence warrant equitable tolling of the limitation period. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2553-62 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing). "The burden of establishing entitlement to [equitable tolling] plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

For the reasons set forth above, Lawing's § 2255 motion is time-barred pursuant to the one-year limitation period set forth in § 2255(f)(1).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as untimely filed and that this case be dismissed with prejudice.

It is further

ORDERED that on or before **November 9, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or

---

[7] A court decision does not constitute a "fact" triggering § 2255(f)(4). *See, e.g., Madaio v. United States*, 397 F. App'x 568, 569-70 (11th Cir. 2010); *E.J.R.E. v. United States*, 453 F.3d 1094, 1097-98 (8th Cir. 2006); *United States v. Moore*, Nos. 2:05–cr–188; 2:12–cv–281, 2012 WL 3061980, at *1-2 (N.D. Ind. Jul. 26, 2012).

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of October, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE